**In re Arnold Preston PHILLIPS, Verdell Lee Phillips, Debtors.**

**Bankruptcy Nos. B-2-78-2259, B-2-78-2260.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Feb. 9, 1982.

Craig M. Stewart, Columbus, Ohio, for debtors.

Steven L. Smith, Columbus, Ohio, for Germain, Inc.

Frank Pees, trustee, Worthington, Ohio.

## ORDER ON APPLICATION FOR TURNOVER OF TITLE WITH LIEN CANCELLED

R. J. SIDMAN, Bankruptcy Judge.

Arnold and Verdell Phillips, Chapter XIII debtors, have made application to this Court to require Germain, Inc. to release its lien on the Ohio certificate of title to a 1974 Mercury owned by Verdell Phillips and to turn the title to the vehicle over to the debtors. A stipulation of facts has been entered into by the parties which provides:

1. On October 18, 1978, the debtors filed a Chapter XIII Wage-Earner Plan.

2. Germain, Inc. was a creditor properly listed and noticed of the Wage-Earner Plan.

3. Germain, Inc. did not file a timely secured proof of claim in this Chapter XIII proceeding.

4. Germain, Inc. was denied, by this Court on September 11, 1979, permission to file a late proof of claim.

5. The debtors successfully completed their Wage-Earner Plan and were released from all dischargeable debts on February 23, 1981, including the debt formerly owed this creditor.

6. Through various letters and phone calls debtors, through counsel, unsuccessfully attempted to have Germain, Inc. voluntarily release the lien in question.

7. Debtors previously made application to this Court for an order directing Germain, Inc. to release its lien on the 1974 Mercury owned by Verdell Phillips.

8. On September 11, 1979 that application was denied by this Court because of the "absence of adequate authority cited" and because of this Court's refusal "to speculate as to what authority may or may not support this motion."

9. Debtors herein have again made application to this Court for an order directing Germain, Inc. to release its lien on the 1974 Mercury owned by Verdell Phillips on September 18, 1981.

The debtors contend that their successful completion of their Chapter XIII plan should result in a release of the lien of Germain on the 1974 Mercury automobile. The defense of Germain is, essentially, that this Court's failure to rule in favor of the debtors on an earlier similar application should bar any consideration of the debtors' present application, and that, in any event, there exists no legal authority for the granting of the application as filed.

Germain freely admits that had it properly filed its claim in the Chapter XIII cases of the Phillips it would have been appropriately paid the value of its collateral during the course of the Chapter XIII cases and would have no reason not to release the lien on the vehicle owned by Verdell Phillips. Not only did Germain miss the time period provided for in Rule 13–302(e)(1) for the filing of a secured claim, it further failed to file a claim within the six-month time period provided for in Rule 13–302(e)(2) of the Rules of Bankruptcy Procedure. This Court ruled, in an order dated August 8, 1979, that Germain's failures in this regard were not excusable in any respect, and thus the Court denied the right to Germain to file any claim in the Chapter XIII cases. As a result, Germain received no dividend from the Chapter XIII trustee, a result for which it has only itself to blame.

Germain seeks to soften the impact of its failure to file a proof of claim in the Phillips' Chapter XIII cases by now refusing to remove its lien from a certificate of title on the 1974 Mercury automobile owned by Verdell Phillips. This Court finds that the confirmation of the Phillips' Chapter XIII cases was binding on all creditors, and especially on any secured creditor who failed to file a timely proof of claim. See *General Finance Corp. v. Tatum (In re Tatum)*, 1 B.C.D. 1374 (M.D.Ga.1975). In addition, it has also been held that post-Chapter XIII discharge attempts to enforce lien rights of a secured creditor can be contemptuous. See *In re Person*, 1 B.C.D. 642 (E.D. Va.1975). It hardly seems an acceptable result to allow a creditor to frustrate the effect of a Chapter XIII discharge by failing to release its lien which remains unpaid only because of its unexcused default in filing a proof of claim.

This Court finds that the issues raised by the debtors at this time are not *res judicata* by reason of this Court's prior order of September 11, 1979—that ruling, while denying a previously filed motion seeking similar relief, plainly did not deal with the merits of the motion but merely indicated that in the absence of appropriate authority the Court would not at that time grant the relief requested in the motion. This Court hereby finds that §§ 657 and 660 of the Bankruptcy Act of 1898 (formerly 11 U.S.C. §§ 1057 and 1060, now repealed) are sufficiently broad in scope to permit this Court, under its equitable powers, to order Germain, Inc. to cancel its lien on the 1974 Mercury owned by Verdell Phillips and to turn over the free and clear certificate of title to Verdell Phillips. This Court so orders Germain, Inc. in this case.

The Court hereby declines to award any costs or attorneys' fees in favor of either party in this matter.

IT IS SO ORDERED.